Argued and submitted March 17, reversed and
remanded June 16, 1980

STATE OF OREGON,
*Appellant,*

*v.*

DONALD MANUEL PARADIS,
*Respondent.*

(No. C 79-02-30480, CA 15657)

612 P2d 753

John C. Bradley, Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were James A. Redden, Attorney General,
and Walter L. Barrie, Solicitor General, Salem.

Steven Paygr, Portland, argued the cause for
respondent. With him on the brief was Baker, LaRue
& Paygr, Portland.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

JOSEPH, J.

## JOSEPH, J.

The state appeals from an order suppressing evidence of metamphetamines found in a labelled prescription vial in a backpack located in an upstairs bedroom. The premises were searched with a warrant listing metamphetamine as an item to be discovered. The search of the pack was within the scope of the warrant and was valid. *State v. Kurtz,* 46 Or App 617, 612 P2d 749 (1980).

Defendant argues that a second search warrant should have been obtained when the officer encountered the second closed container, the prescription pill vial. On this theory, the ideal hiding place for narcotics would be in a set of nesting boxes. Since the pack was within the scope of the warrant, the only issue is whether search of the vial found inside was "reasonably necessary" to discover the items specified in the warrant. ORS 133.585. Here, the officer testified that in his experience such vials are often repositories for controlled substances. In *State v. Holmes,* 17 Or App 464, 470, 522 P2d 900 (1974), we held that in a search incident to arrest for drug activity, a film canister or wallet was a reasonable place to find narcotics, since "[evidence] of this particular crime is readily concealable within such small containers." This is not a case involving search of a closed container found in a motor vehicle in a *warrantless* search. *Cf., e.g., Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235, 242 (1979) (search of suitcase in taxi); *State v. Downes,* 285 Or 369, 373, 591 P2d 1352 (1979) (search of footlocker in bus). The opening of the vial was within the scope of the warrant and was valid.

Reversed and remanded for trial.