STATE OF OREGON,
*Appellant,*

*v.*

RICHARD LEE ROGERS,
*Respondent.*

(CF86-199; CA A41155)

736 P2d 1024

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence J. Hall, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals from a pretrial order suppressing evidence seized by police during a search of defendant's residence conducted pursuant to a warrant. We reverse.

A court issued a warrant to search defendant's house for cocaine, fruits and instrumentalities of its sale and evidence of the crimes of possession of a controlled substance and delivery of a controlled substance. While executing the warrant, the police found a safe in defendant's bedroom. They tried to open it but could not. They asked defendant to open it, but he refused. The police then moved the safe outside to a police car. As it was being moved, its door came open. They returned the safe to the residence within two minutes and then searched it and seized evidence found inside. Defendant was charged with possession of a controlled substance and attempted delivery of a controlled substance.

Defendant moved to suppress all of the evidence seized by the police. In the alternative, he moved to suppress the evidence taken from the safe. The trial court held that the affidavit was sufficient and that the search warrant was valid. However, it allowed defendant's motion to suppress the evidence taken from the safe. The court stated, in relevant part:

> "We'll turn to the safe. The door was ajar. After it was taken out to the police car, it was no longer on the premises. Before it was taken from the home, it was a closed safe within which, I feel, the defendant, by that fact, had a reasonable expectation of privacy. I am not persuaded that the safe was within the scope of the search warrant. In any event, if it was, being a closed container, I think you had to have a warrant to search it. Certainly, there might be a suspicion on the part of the police, but I don't think that had even raised itself to probable cause.

> "I think [the State's] argument that the safe is an instrumentality is elasticizing the use of the word 'instrumentality.' Certainly, the safe isn't like a grow lamp for marijuana or scales with residue of white power on them which might be used under the circumstances, but a safe is as consistent with legitimate activity as it might be with illegitimate activity.

> "So I will allow your Motion to Suppress as far as the safe is concerned, * * *, but I'm going to deny the balance of your Motions."

The court's written order provides, in relevant part:

> "The Court hereby holds that there was probable cause for the issuance of the search warrant executed March 25, 1986; and therefore DENIES the Defendant's Motion to Suppress on that basis.

> "The Court further holds that the seizure and removal of the safe from the Defendant's bedroom, the removal of the safe from the searched premises, and the subsequent inventory of and seizure of the safe's contents was [sic] not within the scope of the issued search warrant and that the search of the safe and its contents after removal from the searched premises required that a separate search warrant be obtained.

> "Therefore, all evidence seized from the safe is SUPPRESSED, IT IS SO ORDERED."

The state contends that the trial court erred in suppressing the evidence.

The trial court apparently based its suppression order on three grounds: first, that the safe was beyond the scope of the search warrant, because the safe was not particularly described in the warrant and because there was not probable cause to believe that it contained evidence for which the warrant authorized the police to search; second, by removing the safe from the residence, the police lost any authority which the original warrant may have conferred on them to seize, open and search it; third, the police were required to obtain a second warrant before opening and searching the safe, because it was a "closed container." We disagree with all three bases.

■ Neither the Oregon nor the federal constitution requires the police to stop a search pursuant to a warrant and obtain separate, successive search warrants each time they discover a new closet, chest, drawer or other "closed container" in which the evidence sought under the original warrant might be found.

> "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests,

drawers and containers in which the weapon might be found." *United States v. Ross,*456 US 798, 820, 102 S Ct 2157, 72 L Ed 2d 572 (1982). Footnote omitted.)

*See* ORS 133.585; *State v. Bennett,* 301 Or 299, 303, 721 P2d 1375 (1986); *State v. Paradis,* 46 Or App 625, 627, 612 P2d 753 (1980); 2 LaFave, *Search and Seizure* § 4.10, 152 (1978).

■    The state presented evidence that the police were aware that drug dealers commonly keep drugs in safes and that defendant's alleged sales of drugs had been made in the bedroom of his residence.[1] That gave them reason to believe

---

[1] At the suppression hearing, Chief Taber testified that a confidential, reliable informant had told the police that he had purchased cocaine from defendant at his residence sometime during the weekend of March 22-23, 1986, and that defendant had obtained the cocaine from the north bedroom of the residence. The safe was found in the northwest bedroom, which was defendant's bedroom. Taber also testified:

"Q   You indicated previously that [the search warrant] didn't include the word 'safe' in it. Is there some other part of the search warrant that includes 'safe'—referring your attention to the second paragraph. Could you read that for us?

"A   The controlled substance cocaine, fruits and instrumentalities of the sale of cocaine, on and for the reason for the evidence of but not limited to the crimes of Possession of a Controlled Substance and Delivery of a Controlled Substance.

"Q   From your experience in investigating sale of drugs are safes commonly found?

"A   Yes.

"Q   And what is the purpose of the safe in a drug operation?

"A   Keep their drugs locked up.

"Q   Is that an instrumentality used by a drug dealer during the course of a sale of cocaine?

"A   I found it to be, yes.

"Q   So the safe itself is included in the terms of the warrant, is that correct?

"A   I feel it is, yes.

"Q   Assuming for argument's sake that it wasn't included. Did you feel, when you entered that back bedroom where those transactions had been witnessed or that one had been witnessed, and that the pattern of behavior occurred, did you feel there was probable cause to seize that safe?

"A   Yes.

"Q   What led you to the belief that there's probable cause to seize that safe?

"A   There again, I felt that there was reason to believe that's where the cocaine would be found—it's in that safe.

"Q   And that bedroom in particular because it was pointed out by the informant?

"A   That's correct.

"Q   And by the prior pattern that was witnessed by officers in your department?

"A   That's correct."

that the safe found in defendant's bedroom contained the kind of evidence that the warrant authorized them to search for, and, therefore, they were authorized to seize, open and search the safe.

■ The right of the police to seize, open and search the safe was not extinguished when they took it momentarily outside defendant's residence. That activity was fully within the scope of the search warrant. *See State v. Greene,* 285 Or 337, 591 P2d 1362 (1979). The seizure, opening and search of the safe, and the seizure of the evidence from it, were proper. The trial court erred in granting defendant's motion to suppress.[2]

Reversed and remanded for trial.

---

[2] Defendant's cross-appeal was dismissed.